**Zapata v Logan Fountain Owner LLC**

2024 NY Slip Op 34504(U)

September 23, 2024

Supreme Court, Kings County

Docket Number: Index No. 531974/2023

Judge: Devin P. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

**Supreme Court of the State of New York**
**County of Kings**

Part __LL1__

EISEN ZAPATA,

Plaintiff,

against

LOGAN FOUNTAIN OWNER LLC, LOGAN FOUNTAIN
RETAIL OWNER LLC, 8 FOUNTAIN LLC, HELP LOGAN
FOUND HOUSING DEVELOPMENT FUND CORPORATION,
JERICHO 265 LOGAN STREET HOUSING DEVELOPMENT
FUND CORPORATION, CHATEAU GC LLC, BROADWAY
BUILDERS LLC, AND BROADWAY CONSTRUCTION GROUP
LLC,

Defendants.

Index Number __531974/2023__
Seqs. 001, 002

## DECISION/ORDER

Recitation, as required by CPLR §2219 (a), of the papers
considered in the review of this Motion

| Papers Numbered | |
|---|---|
| Notice of Motion and Affidavits Annexed | __1__ |
| Order to Show Cause and Affidavits Annexed. | __2__ |
| Answering Affidavits | __1,3__ |
| Replying Affidavits | ____ |
| Exhibits | __Var.__ |
| Other | ____ |

Upon the foregoing papers, Dennis Smith, Esq. (plaintiff's counsel)'s order to show

cause (OSC) to be relieved as counsel (Seq. 001) and defendants' cross-motion to compel (Seq.

002) are decided as follows:

Generally, an attorney is permitted to withdraw as counsel upon "such notice . . . as the

court may direct," after a reasonable "showing that good cause exists to end the attorney-client

relationship" and that the motion is not being made as a tactic to delay a hearing or trial (CPLR

321 [b] [2]; *Matter of Cassini*, 182 AD3d 13, 40 [2d Dept 2020]; *see also Rivardeneria v New*

*York City Health and Hospitals Corp.*, 306 AD2d 394 [2d Dept 2003]). "The decision to grant

or deny permission for counsel to withdraw lies within the discretion of the trial court" (*Bank of*

*Am., N.A. v Chadha*, 214 AD3d 695, 695 [2d Dept 2023]). Break-downs of the attorney-client

relationship, failure of cooperation by a client, and actions or requests by clients that would

cause the attorney to violate the Rules of Professional Conduct by continuing representation,

1

[*1]

among other reasons, serve as good cause for ending the attorney-client relationship (*see Farage v Ehrenberg*, 124 AD3d 159, 165 [2d Dept 2014]; *see also Green v Gasparini*, 24 AD3d 505 [2d Dept 2005]).

Here, Mr. Smith served the instant OSC upon the plaintiff individually and upon defense counsel as directed by the court. Plaintiff individually did not oppose the motion. The note of issue has not been filed and the case is not on the trial calendar. However, defendants filed written opposition to this motion.

As an initial matter, it is not clear that defendants have standing to oppose plaintiff's counsel's motion, as the motion is made against the plaintiff individually, not the defendants, and defendants would not be "aggrieved" as defined by the Appellate Division if this motion were granted (*see Mixon v TBV, Inc.*, 76 AD3d 144, 156–157 [2d Dept 2010]). Moreover, defendants do not actually state opposition to plaintiff's counsel withdrawing as counsel *per se*, but rather object to the justification Mr. Smith has offered for withdrawal, object to Mr. Smith's request to disclose additional information *in camera* if it is required, and demand that the relief requested be conditioned upon the exchange of attorney-client communications and attorney records.

Defendants are incorrect that allowing Mr. Smith to provide additional details or information *in camera* is impermissible. "Where withdrawal may be accomplished simply on the basis of counsel's statement that professional considerations require it, no more should be disclosed" (NYS Bar Ethics Opinion 1057 [6/5/2015] at ¶ 14). Where withdrawal cannot be so accomplished, the court may conduct an *in camera* hearing to assess the validity of counsel's request (*id.* at ¶ 15). This practice is permitted to "prevent a party from being prejudiced by the application of counsel to withdraw" (*ISC Holding AG v Nobel Biocare Investments, N.V.*, 759 F Supp 2d 289, 294 [SDNY 2010] [*aff'd sub nom. ISC Holding AG v Nobel Biocare Fin. AG*, 688

2

[* 2]

F3d 98 (2d Cir 2012)]). "A judge may initiate or consider any *ex parte* communications when authorized by law to do so" (NY Rules of Chief Administrative Judge § 100.3 [e]).

However, notwithstanding the propriety of an *in camera* showing, no *ex parte* or *in camera* discussion was held. Mr. Smith advises the court in its papers that he seeks withdrawal due to ethical concerns. This reason satisfies the "good cause" standard for attorney withdrawal in light of disciplinary rules which mandate withdrawal (*see* NY RPC 1.16 [b] and [c]). Indeed, when an attorney believes that continued representation may result in a violation of the disciplinary rules or laws, counsel is obligated to seek withdrawal (*see Matter of Blatt*, 217 AD3d 113 [2d Dept 2023]). Upon Mr. Smith's representation that the request to withdraw was made on the advice of ethics counsel, the court neither sought nor accepted *ex parte* communication in this application.

Finally, defendants' request is improper insofar as it asks the court to condition Mr. Smith's withdrawal on a breach of client confidence and/or of a violation of attorney-client privilege. Rule 1.6 (a) prohibits attorneys from "knowingly [revealing] confidential information to the disadvantage of a client or the for the advantage of the lawyer or a third person" absent 1) the consent of the client; 2) the disclosure is "impliedly authorized to advance the best interest of the client"; or 3) the disclosure is permitted by Rule 1.6 (b). None of the permissions in Rule 1.6 (b) apply here. Defendants make clear in their opposition that the request for Mr. Smith's disclosure is to improve their ability to litigate this action, which means that Mr. Smith's disclosure would be "for the advantage of . . . a third person." Moreover, attorney-client privilege can only be waived by the client and generally survives the termination of the attorney-client relationship—Mr. Smith is therefore prohibited from revealing confidential or privileged information without the consent of the client (*see* CPLR 4503).

[*3]

Therefore, Mr. Smith's OSC to be relieved as counsel is granted upon the individual plaintiff's default. The action is stayed until November 21, 2024, although the stay shall end earlier if plaintiff retains new counsel (*Wells Fargo Bank, N.A. v Kurian*, 197 AD3d 173 [2d Dept 2021]). This determination is made without prejudice to any legitimate discovery rights parties may have in this or any other properly commenced action.

Counsel shall serve this order upon Eisen Zapata by the same means as the underlying OSC within 10 days of the notice of entry, and upon opposing counsel via NYSCEF.

Defendants' cross-motion to compel disclosure, presumably pursuant to CPLR 3124, is defective in that it fails to identify the discovery instrument which it seeks to compel, instead merely listing the information that it wants from plaintiff's counsel (*see* CPLR 3102). Additionally, defendants' request for an order directing the movant law firm to institute a litigation hold is denied; whatever obligations, if any, the law firm has to preserve documents is already defined and placed upon it under existing precedent. The motion is therefore denied without prejudice to any appropriately sought discovery that defendants are entitled to in a properly commenced action.

**Conclusion**

Mr. Smith's OSC to be relieved (Seq. 001) is granted; defendants' cross-motion (Seq. 002) is denied.

This constitutes the decision and order of the court.

___September 23, 2024___
**DATE**

**DEVIN P. COHEN**
Justice of the Supreme Court

4